UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-----------------------------------------------------------------------X
                                      :

OSHOKE ABALU,                                :

                  Plaintiff,         :

                                   :            24-cv-5917 (LJL)

         -v-                      :

                                   :               ORDER

SOCIETY OF HUMAN RESOURCE MANAGEMENT,  :
JENNIFER MCCOLLUM,                :

                                 :

                  Defendants.       X

-----------------------------------------------------------------------

LEWIS J. LIMAN, United States District Judge:

       Pro se Plaintiff Oshoke Abalu moves to vacate the stay of discovery granted by this Cout

on December 13, 2024.  Dkt. No. 52; *see* Dkt. No. 39.  For the following reasons, the motion is

denied.

       In granting the stay of discovery, the Court noted that Plaintiff sought broad discovery,

that the arguments made in both Defendants' motions to dismiss were strong, and that the risk of

prejudice to Plaintiff was minimal.  Dkt. No. 39.  The finding of a minimal risk of prejudice was

based on representations that Defendant Society of Human Resource Management ("SHRM")

would take down certain social media postings identified by Plaintiff as using her name, likeness,

or intellectual property.  The Court noted that if the social media postings were not taken down,

the risk of prejudice to Plaintiff "may change."  *Id.*  Therefore, it stated that "if the postings are

not taken down by December 27, 2024, Plaintiff may submit a motion to vacate the stay of

discovery."  *Id.*

       Plaintiff states that instead of taking down the postings, Defendants have changed the

video status to "private," "a tactic that allows them to reactivate and disseminate the content at

will.  Dkt. No. 52 at 1.  Plaintiff also identifies one YouTube posting using Plaintiff's name and image that is set to public.  Dkt. No. 52-1 at 1.

Defendant SHRM represents that it will take down the posting currently set to public. Dkt. No. 53.  Based on this representation, the Court will continue the stay of discovery. Plaintiff has not shown that she is prejudiced by the remaining postings being set to private, rather than removed from YouTube.  Plaintiff brings claims for trademark infringement, breach of contract, unfair competition, and violation of New York Civil Rights Law § 51.  Dkt. No. 40 ¶¶ 119–194; *see* Dkt. No. 52.  The harm alleged by Plaintiff is the "misappropriation for commercial gain" of her name and likeness, "tarnishing her brand and professional standing." Dkt. No. 52.  Defendant setting the videos to private is sufficient to avoid these harms. Defendant may still view the private videos, but they are not visible to the public and are not being used for commercial gain.  If Defendant republished the videos or used them commercially, as Plaintiff states it could do at any time, Plaintiff might then be prejudiced.  But Defendant has not done so.  Plaintiff is not prejudiced by Defendant's private possession of the videos in a manner that would justify lifting the stay of discovery.

SO ORDERED.

Dated: February 3, 2025
       New York, New York

_____
              LEWIS J. LIMAN
           United States District Judge